FILED
United States Court of Appeals
Tenth Circuit

December 11, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

KENNETH GREENWOOD,

      Defendant - Appellant.

No. 14-1047
(D.C. No. 1:12-CR-00504-RBJ-1)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, **BACHARACH**, and **McHUGH**, Circuit Judges.

---

A jury found Kenneth Greenwood guilty of two counts of possession of a

firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)

and two counts of possession of less than twenty-eight grams of cocaine base with

the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 851.

But the jury acquitted him of a third identical drug count. He moved for a judgment

of acquittal on the two drug counts, relying on his trial defense of entrapment. The

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court denied the motion. We affirm the court's denial of the motion for acquittal.

BACKGROUND

In August of 2012, a former convicted felon and Bloods gang member was arrested on habitual traffic offender charges. Because he did not want to be incarcerated, he contacted the Bureau of Alcohol, Tobacco and Firearms (ATF) and the Denver Police Department (DPD) and entered into an agreement to act as a confidential informant (CI). Under the agreement, his traffic charges would be dropped, a pending drug case would be dismissed, and he would be compensated in exchange for his assistance in controlled purchases of guns and drugs.

The CI informed the ATF and DPD that he could buy guns and drugs from his friend Mr. Greenwood, another Bloods gang member. Over the course of two months, the CI set up two deals with Mr. Greenwood to buy guns and three deals to buy drugs.[1]

The first drug purchase occurred on September 13, 2012. The CI met Mr. Greenwood at the location Mr. Greenwood directed and purchased one ounce of cocaine for $1,200. This transaction occurred inside a vehicle. On September 14 and 18, the CI obtained guns from Mr. Greenwood. The second drug purchase occurred on September 24, six days after the last gun deal and eleven days after the first drug

---

[1] Mr. Greenwood does not challenge his gun convictions, so we assume he was properly convicted of them.

purchase.  The CI and Mr. Greenwood met in the alley behind Mr. Greenwood's convenience store.  The CI gave Mr. Greenwood $900 for ¾ of an ounce of crack cocaine.  Mr. Greenwood then went to his home to obtain an additional ¼ ounce.  After returning, he sold the rest of the drugs to the CI for $300 and asked the CI if he needed anything else, indicating with gang slang that he had drugs for sale.  The third drug deal occurred on November 2 in Mr. Greenwood's convenience store.  The CI purchased an ounce of crack cocaine for $1,200.  Although Mr. Greenwood had promised to sell the CI an additional ounce, he did not have the drugs at that time, and the CI did not wait for the other drugs to be delivered.

Based on these five transactions, Mr. Greenwood was charged with two counts of improperly possessing guns and three counts of selling crack cocaine.  At trial, the court instructed the jury on Mr. Greenwood's defense that he was not guilty due to entrapment.  The jury, however, found him guilty of both gun counts and the September 24 and November 2 drug counts.  Mr. Greenwood moved for a judgment of acquittal on the drug counts, arguing that because the jury found him not guilty of the September 13 drug count, the court should find as a matter of law that the government did not prove that he was not entrapped when he engaged in the latter two drug deals.  The court denied the motion, finding that the three drug transactions were distinct, that the jury was properly instructed on entrapment, and that the evidence supported a finding of guilt on the two later drug offenses.

ANALYSIS

"We review de novo a district court's denial of a motion for judgment of acquittal, viewing all the evidence and drawing all reasonable inferences in the light most favorable to the government." *United States v. Hildreth*, 485 F.3d 1120, 1125 (10th Cir. 2007) (internal quotation marks omitted).

"[A] successful entrapment defense exists when the government (1) induces the defendant to commit an offense that (2) the defendant was not predisposed to commit." *United States v. Dyke*, 718 F.3d 1282, 1291 (10th Cir. 2013). Once an entrapment defense is raised, the government bears the burden to prove "beyond a reasonable doubt that the defendant was not entrapped." *United States v. Ford*, 550 F.3d 975, 982 (10th Cir. 2008). If the government disproves either element, the entrapment defense fails. *Id*.

"Entrapment exists as a matter of law only if the evidence of entrapment is uncontradicted." *United States v. Nguyen*, 413 F.3d 1170, 1177 (10th Cir. 2005) (internal quotation marks omitted). There must be "undisputed testimony" showing "conclusively and unmistakably" that the government induced the defendant to engage in criminal conduct. *Id*. at 1178 (emphasis and internal quotation marks omitted).

Mr. Greenwood argues that the district court erred in denying his motion for judgment of acquittal because the evidence at trial showed he was entrapped as a matter of law with respect to the September 24 and November 2 drug transactions.

Relying on *United States v. Beal*, 961 F.2d 1512 (10th Cir. 1992), he contends that all three drug transactions were part of the same course of conduct resulting from the CI's original inducement.

In *Beal*, 961 F.2d at 1513, a jury found the defendant not guilty of a first drug count, but guilty of a second. Based on the facts in that case, this court held that the two drug deals, which occurred within approximately twenty-four hours of each other, were part of a single, continuous course of conduct. *Id*. at 1516-17.

*Beal* is distinguishable. Even if, as Mr. Greenwood assumes, the jury found entrapment with respect to the first transaction,[2] we conclude that as a matter of law he was not entrapped with respect to the second and third transactions. Unlike in *Beal*, here there was a variation of the circumstances with each drug deal and the deals occurred on different days, several days apart. As such, the second and third transactions were separate and independent from the first drug deal and were not part of a continuous course of conduct. Nor were they "closely connected transactions without any intervening events." *Nguyen*, 413 F.3d at 1180. *Beal* refused to adopt "as a general rule that once entrapment occurs, a defendant's subsequent willing acts are immunized from culpability." 961 F.2d at 1517; *see also Ford*, 550 F.3d at 982

---

[2] We do not agree with Mr. Greenwood's assumption that the jury found that he was entrapped with respect to the first drug deal. The record does not conclusively indicate why the jury chose to acquit Mr. Greenwood on the first drug count. It could have found that the government did not prove the first count beyond a reasonable doubt because the surveillance camera was obstructed during part of the first drug deal. But the jury may have found as events unfolded that the evidence was conclusive as to the second and third drug transactions.

("Even if a defendant was entrapped in one transaction, we do not automatically assume all subsequent transactions between the government agent and defendant are tainted.").

If *Beal* does not apply, Mr. Greenwood argues that any predisposition he may have had to sell drugs on September 24 and November 2 was the product of improper government conduct and thus there was entrapment as a matter of law. Predisposition occurs when a defendant is ready and willing to commit the crime he was charged with. *Dyke*, 718 F.3d at 1291. It may be shown by evidence of prior illegal acts that are similar. *Hildreth*, 485 F.3d at 1126. It may also be shown by evidence that the defendant desired a profit, he was eager to participate in the crime, he readily responded to the offer to participate, or he showed knowledge and experience in selling drugs. *See Dyke,* 718 F.3d at 1291-92.

Ample evidence shows that Mr. Greenwood was predisposed to sell drugs. He had prior convictions for selling drugs, which the government established before the jury. At the time of his arrest, he possessed multiple cellphones, large amounts of cash, guns, drugs, and drug-related items at his home, all typical of a drug distributor. The CI testified that Mr. Greenwood sold guns and drugs because that is what gang members do. Also, Mr. Greenwood offered drugs, among other things, to the CI when the CI wanted to sell his car. After the second drug deal, he asked the CI if he needed anything else, indicating that he had drugs for sale. And Mr. Greenwood attempted to sell the CI an additional ounce of crack cocaine during the third drug

deal. No evidence indicates reluctance by Mr. Greenwood to be involved in drug dealing.

Unlike in *Jacobson v. United States*, 503 U.S. 540, 553-54 (1992), a case Mr. Greenwood cites to support his argument, the evidence does not show that the government induced a law-abiding citizen to commit a crime he never would have committed if he had been left alone. Furthermore, similar to *Beal*, *Jacobson* does not negate "an individualized treatment of the entrapment defense in multiple transaction crimes." *Nguyen*, 413 F.3d at 1179 (trial court gave entrapment instruction on first two transactions, but not on third).

Viewing the evidence in the light most favorable to the government, we conclude that Mr. Greenwood was not entrapped as a matter of law and therefore the district court did not err in denying the motion for acquittal. Accordingly, we affirm the district court's judgment.

Entered for the Court

Jerome A. Holmes
Circuit Judge