**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 23, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

JACOB THOMAS DECKER,

　　Defendant - Appellant.

No. 20-7030
(D.C. No. 6:19-CR-00054-RAW-1)
(E.D. Okla.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **MATHESON**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Jacob Decker appeals the district court's forfeiture order. For the reasons

explained below, we affirm.

## Background

Decker pleaded guilty to possession with intent to distribute

methamphetamine. The presentence investigation report (PSR), which neither party

objected to, provided the following details about the events leading to Decker's arrest

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

and conviction.

In January 2019, a car dealership in Dallas, Texas, reported a stolen vehicle. State law-enforcement officers located the vehicle using GPS and attempted to stop it, but the driver—who turned out to be Decker—led them on a high-speed chase. When the chase ended, officers arrested Decker and found two bags in the vehicle: (1) a duffel bag containing 16 bundles of cash totaling $424,100, on which a drug-sniffing dog detected the odor of narcotics, and (2) a backpack containing, among other things, a glass smoking pipe, three $1,000 money orders, and some IRS forms for gambling winnings in Decker's name. They also found two cellphones in the vehicle; one contained text messages about how Decker was running from law enforcement. Additionally, during the chase, officers observed Decker throwing items out the window, and they later recovered a substance from the side of the road that tested positive for methamphetamine.

The indictment against Decker included a forfeiture allegation under 21 U.S.C. § 853, listing the property to be forfeited as the property that law enforcement seized from the vehicle Decker was driving, including the $424,100 in cash and the three $1,000 money orders. During Decker's change-of-plea hearing, the district court (a magistrate judge presiding by consent of the parties) informed Decker of the forfeiture allegation, noting that it "may also order forfeiture of property or funds which were proceeds from or obtained with proceeds from your criminal activity, if such forfeiture is authorized by statute." R. vol. 2, 6–7.

After Decker's plea, the government filed a motion seeking a preliminary

2

forfeiture order for the cash and money orders, asserting that "[b]ased upon the guilty plea by the defendant, [it had] established the requisite nexus between the property and the offense to which the defendant has entered his plea of guilty." R. vol. 1, 22. The district court agreed and "f[ound] that, as a result of the guilty plea . . . , the motion should be granted." *Id.* at 25. At sentencing, the district court ordered Decker to forfeit the property as set forth in the preliminary order, and the judgment reflects this ruling. Decker appeals.

## Analysis

Acknowledging that he did not object to the forfeiture order below, Decker argues that the district court plainly erred in its forfeiture order. To prevail under this standard, Decker "must show '(1) an error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Mendenhall*, 945 F.3d 1264, 1267 (10th Cir. 2019) (quoting *United States v. Mann*, 786 F.3d 1244, 1248 (10th Cir. 2015)).

Section 853 "mandates forfeiture with respect to persons convicted of certain serious drug crimes." *Honeycutt v. United States*, 137 S. Ct. 1626, 1631 (2017). As relevant here, such a person "shall forfeit to the United States . . . any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such" drug crimes, as well as "any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such" drug crimes. § 853(a). In turn, Federal Rule of Criminal Procedure 32.2

elaborates on forfeiture procedure, providing in relevant part that "[i]f the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense." Fed. R. Crim. P. 32.2(b)(1)(A).

On appeal, Decker asserts that the district court erred by failing to specifically find a nexus between his criminal activity and the forfeited property. That is, he contends the district court erred "because there was no determination that the [g]overnment had 'established the requisite nexus between the property and the offense.'" Aplt. Br. 9 (quoting Fed. R. Crim. P. 32.2(b)(1)(A)). In support, Decker points out that the forfeiture order neither recites the applicable provisions of § 853(a) nor uses the word "nexus." He further notes that the government's forfeiture motion does not fill this gap because (1) it states in a conclusory fashion that Decker's guilty plea established the requisite nexus and (2) the plea hearing contained no discussion of any nexus between the crime and the property to be forfeited.

Decker's argument—aimed at the absence of an express nexus finding and not at the absence of the nexus itself—fails. Rule 32.2 states only that "the court must *determine* whether the government has established the requisite nexus between the property and the offense." Fed. R. Crim. P. 32.2(b)(1)(A) (emphasis added). It does not require the court to state that determination on the record.

We have previously recognized such a distinction, albeit in a civil case. *See Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1169–70 (10th Cir. 2011). There, the

4

defendant argued that "that the district court erred when it failed to state affirmatively that it had jurisdiction over" him. *Id.* at 1169. In support, the defendant relied on precedent stating that "a district court must determine whether it has jurisdiction over the defendant before entering judgment by default against a party who has not appeared in the case." *Id.* (quoting *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997)). We distinguished that precedent on the grounds that determining jurisdiction was different from placing that determination on the record. *Id.* at 1169–70.

Though the context here is different, the rationale is the same. Rule 32.2 directs the court to determine the requisite nexus, but it does not require the court to place that determination on the record. And here, as the government points out, by ordering forfeiture, the district court implicitly determined the required nexus. *See* § 853 (mandating forfeiture of property that has some nexus to offense). Thus, the district court did not "err[] in failing to make a finding of the requisite nexus between the property and the offense." Aplt. Br. 11.

Moreover, even if we were to assume error, it would not be plain. An error is plain when it is "so clear or obvious that it could not be subject to any reasonable dispute." *United States v. Courtney*, 816 F.3d 681, 684 (10th Cir. 2016). Decker argues in a single paragraph that any error is plain because Rule 32.2 obviously requires a nexus between the property to be forfeited and the criminal offense. But as discussed above, that is all Rule 32.2 requires: a nexus. It does not require that the district court describe that nexus on the record. And Decker fails to point us to any

5

caselaw, binding or otherwise, reading such a requirement into Rule 32.2. Nor have we found any. Accordingly, even assuming the district court erred by failing to expressly state its nexus finding, such error was not plain.

And even if we were to assume plain error, Decker's argument for reversal fails again at the third prong of plain error, whether "there is a reasonable probability that the error affected the outcome of the proceedings." *United States v. Burns*, 775 F.3d 1221, 1224 (10th Cir. 2014). Decker addresses this prong of the plain-error test in another single-paragraph analysis. In so doing, he fails to explain how the outcome of the proceeding would have been different had the district court made an express nexus finding. And he ignores the strong, obvious, and uncontroverted evidence connecting the property to be forfeited—the cash and money orders—to his conviction for possessing methamphetamine with the intent to distribute it. According to the uncontroverted PSR, the cash and money orders were found in the vehicle that Decker drove in a high-speed chase with law enforcement, during which he threw a substance out the window that later tested positive for methamphetamine. A drug-sniffing dog detected the smell of drugs on the $424,100 in cash, which was mostly composed of $100 bills. The bag containing the money orders also contained a glass smoking pipe. *See United States v. Triana*, 477 F.3d 1189, 1192 (10th Cir. 2007) (describing glass pipes as drug paraphernalia). And the vehicle itself contained two cellphones, which is further evidence of drug trafficking. *See United States v. Greenwood*, 594 F. App'x 486, 489 (10th Cir. 2014) (unpublished) (noting that possession of "multiple cellphones, large amounts of cash, . . . and drug-related

6

items" is "typical of a drug distributor").

These facts establish the requisite nexus. *See* § 853(a) (providing for forfeiture of "property constituting, or derived from, any proceeds" of offense and of "property used[] or intended to be used . . . to facilitate the commission of" offense). Because there is no reasonable probability that an express nexus finding would have changed the outcome, any error in the district court's failure to state its nexus finding on the record did not affect Decker's substantial rights. *Cf. Mendenhall*, 945 F.3d at 1269 (finding that error "affected the outcome of the proceedings" where, "[b]ut for the legal error, [the defendant] would not have been ordered to pay restitution as part of his sentence").

Finally, on the fourth prong of plain error—whether the error "affect[ed] the fairness, integrity, or public reputation of these judicial proceedings," *Mendenhall*, 945 F.3d at 1269—Decker asserts that without a nexus finding, "the district court's entry of a forfeiture order was an illegal sentence," Aplt. Br. 13. In support, he cites several cases in which this court has found plain error in excessive restitution orders. *See, e.g.*, *Mendenhall*, 945 F.3d at 1269–70 (reasoning that "restitution in an amount that exceeds the loss caused by a defendant's offense . . . amounts to an illegal sentence" and "can thereby affect the fairness, integrity, and public reputation of judicial proceedings"). But the district court's failure to make an express nexus finding is not analogous to a restitution order that exceeds the amount of restitution authorized by statute: the former is a mere procedural matter, and the latter violates a statute. Thus, any procedural error in failing to expressly state a nexus finding that is

7

obviously supported by the evidence did not affect the fairness, integrity, or public reputation of judicial proceedings. Decker therefore fails to establish reversible plain error.

## Conclusion

The district court did not err, plainly or otherwise, in failing to expressly state its nexus finding on the record. And even if we were to assume plain error, such error did not affect Decker's substantial rights or the fairness, integrity, or public reputation of judicial proceedings. Accordingly, we affirm the district court's forfeiture order.

Entered for the Court

Nancy L. Moritz
Circuit Judge

8